# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JON PATRICK KING,<br><br>    Defendant. | No. 09mj165<br><br>**DETENTION ORDER** |

      This matter came on for detention hearing on June 30, 2009. Assistant U.S. Attorney Robert Knief appeared on behalf of the plaintiff (the "Government"). The defendant Jon Patrick King appeared in person with his attorney, Al Willett. The Government offered the testimony of DEA Special Agent Gregg Fox.

      The court must determine whether any condition or combination of conditions will reasonably assure King's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

      The court is to presume that no condition or combination of conditions will reasonably assure the appearance of King as required and the safety of the community if the court finds there is probable cause to believe King committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at

the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates King has been involved in criminal activity, much of it violent, almost from the time he reached his majority. Among other things, his criminal history indicates he absconded from a halfway house, and remained at large until he was arrested for attempted murder. He recently was involved in a "road rage" incident in which he allegedly punched another driver, breaking his jaw. He also was involved in a domestic violence incident. The evidence further indicates he has threatened to do harm to others before he returns to prison, which he views as an inevitable event.

The evidence in the current case indicates King has been involved in multiple large-quantity drug transactions. He argues he would be able to provide more effective cooperation to law enforcement if he were released. His argument, however, fails to rise to the level of evidence to rebut the presumption that he is a danger to the community and a flight risk. The presumption arises from the charge itself – a serious drug charge involving the possession with intent to distribute a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate King would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that King is a flight risk, and by clear and convincing evidence that King would be a danger to the community if released. Therefore, the court finds the following:

1. King is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford King reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver King to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, King must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 30th day of June, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT